NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| REGINA LOMAX, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MERACORD LLC, and JOHN DOES 1-5,<br><br>Defendants. | Civil Action No. 13-1945 (SRC)<br><br>**OPINION** |

**CHESLER**, District Judge

This matter comes before the Court upon the motion filed by Defendant Meracord LLC ("Defendant" or "Meracord") to transfer venue pursuant to 28 U.S.C. § 1404(a). Plaintiff Regina Lomax ("Plaintiff" or "Lomax") has opposed the motion. The Court has considered the papers filed by the parties and proceeds to rule on the motion without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons discussed below, the Court will grant Meracord's motion and transfer this action to the United States District Court for the Western District of Washington.

**I.    BACKGROUND**

This putative class action arises out of Plaintiff Lomax's subscription to the "Debt Settlement System" offered by third party P&E Solutions and her agreement to receive the payment processing services of Defendant Meracord in connection therewith. Lomax, a resident

1

of New Jersey, retained the debt settlement services of P&E, which, according to the First Amended Complaint, agreed to negotiate with her creditors. To make the monthly payments required under her agreement with P&E, Plaintiff signed a "Signup Agreement" with Defendant Meracord, authorizing Meracord to debit Lomax's bank account and disburse the money to creditors. Defendant Meracord is Delaware limited liability company, whose sole member is a citizen of the State of Washington. Meracord maintains its principal place of business in Washington.

The "Signup Agreement" states that Meracord (formerly known as "NoteWorld") would provide Lomax with services subject to the Agreement's "Terms and Conditions." Among the listed "Terms and Conditions" is a forum selection clause. It provides as follows:

> Acceptance; Governing Law; Venue. NoteWorld shall not be bound by the Signup Agreement and no contract will exist until NoteWorld acknowledges acceptance, renders for Customer any of the Services subscribed for herein, or otherwise indicates its acceptance. The Signup Agreement shall be deemed to have been accepted, if at all, by NoteWorld in the state of Washington. The Signup Agreement will be governed by the laws of the State of Washington. Any and all legal action must be transacted or brought in a court located in the State of Washington.

(Signup Agreement, Terms and Conditions, ¶ 8, attached to First Amended Complaint as Ex. B.)

On November 7, 2012, Plaintiff initiated her lawsuit in New Jersey state court, asserting three causes of action pursuant to New Jersey statutes. She filed it as a putative class action, on behalf of other New Jersey residents. On March 27, 2013, Defendant removed the action to this Court, on the grounds that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(d).

## II. DISCUSSION

Meracord moves to transfer this action to the Western District of Washington pursuant to 28 U.S.C. § 1404(a). That provision states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). To transfer an action under § 1404(a), venue must be proper both in the transferor court and the transferee court. Osteotech, Inc. v. GenSci Regeneration Scis., Inc., 6 F. Supp. 2d 349, 357 (D.N.J.1998). The party seeking to transfer must show that the alternative venue is not only adequate, but also more convenient than the current one. Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir.1995); Ricoh Co., Ltd. v. Honeywell, Inc., 817 F. Supp. 473, 480 (D.N.J.1993). The Third Circuit has held that "[s]ection 1404(a) transfers are discretionary determinations made for the convenience of the parties and presuppose that the court has jurisdiction and that the case has been brought in the correct forum." Lafferty v. St. Riel, 495 F.3d 72, 76–77 (3d Cir. 2007).[1]

Meracord's motion to transfer venue properly falls within the purview of § 1404(a), as both the District of New Jersey and the proposed transferee district would serve as proper venues for this action. The statute governing venue, 28 U.S.C. § 1391, provides that a civil action may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). The only Defendant named in this lawsuit, Meracord, resides in the State of Washington, making the federal district courts of Washington appropriate venues. The statute also provides that a civil action may be brought in

---

[1] At the time this action was removed, the Court reviewed the First Amended Complaint to determine that it has subject matter jurisdiction. The Court was satisfied that this putative class action properly supported diversity jurisdiction pursuant to 28 U.S.C. § 1332(d).

"a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(1). Lomax, who resided in New Jersey at all relevant times, executed the Signup Agreement and generally received, or was supposed to receive services from Meracord in New Jersey with regard to her debts and accounts.

To determine whether, in its discretion, the Court should order a transfer of the action pursuant to § 1404(a), it must balance various private and public interests. Jumara, 55 F.3d at 879. In Jumara, the Third Circuit provided a list of factors a district court should consider. The private interest factors are: (1) plaintiff's forum preference as manifested in the original choice; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses (only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the location of books and records (only to the extent that the files could not be produced in the alternative forum). Id. The public interest factors are: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases. Id. at 879-80.

Meracord's motion relies heavily on the contractual forum selection clause set forth in the Signup Agreement. The Supreme Court has held that in a federal case grounded in diversity jurisdiction, it is federal law – and particularly § 1404(a) – which governs the district court's enforcement of the forum selection clause in deciding whether to transfer venue. Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 32 (1988). Thus, the Court must consider this clause within the

rubric of the multi-factored analysis the Third Circuit articulated in Jumara. Though a forum selection clause is not dispositive of the question of whether a transfer of venue under § 1404(a) is warranted, it is nevertheless typically given significant weight in the analysis. Id. at 29-31; Jumara, 55 F.3d at 880. The Third Circuit has reasoned that, when balancing the relative convenience of two competing fora in a section 1404(a) transfer analysis, a forum selection clause "is treated as a manifestation of the parties' preferences as to a convenient forum. Hence, within the framework of § 1404, Congress 'encompasse[d] consideration of the parties' private expression of their venue preferences.'" Jumara, 55 F.3d at 880 (quoting Stewart, 487 U.S. at 29-30)).

Here, the forum selection clause weighs heavily in favor of transferring this action to the Western District of Washington. The clause broadly states that "*[a]ny and all legal action* must be transacted or brought in a court located in the State of Washington." (Signup Agreement, Terms and Conditions, ¶ 8 (emphasis added)). It applies to the instant legal action, as the Signup Agreement between Lomax and Meracord forms the basis for their relationship and for the services performed by Meracord for Lomax. Thus, though the Complaint states non-contractual theories of recovery, the action has a logical connection to the contract and is therefore covered by its broad forum selection clause. John Wyeth & Bro. Ltd. v. CIGNA Int'l Corp., 119 F.3d 1070, 1074 (3d Cir. 1997).

Consistent with Third Circuit authority, this Court must interpret that clause, contained in the contract signed by Lomax, as an expression of her agreement that the State of Washington would be a convenient and preferable location to litigate her disputes with Meracord. See Jumara, 55 F.3d at 880. It is well-established that a forum selection clause is presumptively valid and enforceable. The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972). To defeat

enforcement, the objecting party must make a strong showing "(1) that it [the forum selection clause] is the result of fraud or overreaching, (2) that enforcement would violate a strong public policy of the forum, or (3) that enforcement would in the particular circumstances of the case result in litigation in a jurisdiction so seriously inconvenient as to be unreasonable." Coastal Steel Corp. v. Tilghman Wheelabrator Ltd., 709 F.2d 190, 203 (3d Cir. 1983), cert. denied, 464 U.S. 938 (1983), overruled on other grounds by Lauro Lines S.R.L. v. Chasser, 490 U.S. 495 (1989)).

Lomax has not argued that this dispute falls outside the scope of the forum selection clause, or that the clause is invalid. Rather, she contends that Meracord has waived its right to enforce it by removing the action to the District of New Jersey and proceeding with litigation in this venue, rather than immediately seeking enforcement of the forum selection clause in New Jersey state court or, at the latest, raising improper venue as a basis for a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3). Plaintiff stresses that this motion to transfer venue was not filed until eight months after removal, by which time Defendant had already filed a motion to compel arbitration, made a Rule 68 offer of judgment and engaged in discovery.[2] Plaintiff also notes that contrary to the Signup Agreement's choice of law provision, stating that Washington law will govern any disputes, Defendant relied on New Jersey law in its motion to compel arbitration. She argues that Meracord's conduct essentially amounts to forum shopping, pointing out that, while Meracord's motion to compel arbitration was ultimately unsuccessful, at the time it filed the motion the law in New Jersey was more favorable than

---

[2] The offer of judgment, served on Plaintiff on June 20, 2013, was not accepted. The parties have filed motions concerning the effect of the offer of judgment on this litigation, making arguments about, among other things, the nature and extent of relief to which Plaintiff is entitled under her statutory causes of action. Those pending motions will be handled by the transferee court.

Washington's law with regard to Meracord's attempt to enforce an arbitration clause contained in a contract to which Meracord was not party.

Plaintiff's waiver argument, however, lacks legal basis. As Defendant points out, even if the Third Circuit were to treat a motion to enforce a forum selection clause as one to dismiss for improper venue pursuant to Rule 12(b)(3),[3] Meracord does not raise improper venue as an affirmative defense and does not seek dismissal of the action. Rather, Meracord moves for transfer pursuant to § 1404(a), which may be brought even after a responsive pleading is filed. See Wright, et al., Fed. Practice & Procedure, § 3829 (2012); see also Allen v. United States Dep't of Homeland Sec., 514 F. App'x 421, 422 (5th Cir. 2013) (remanding action for consideration by district court of venue transfer pursuant to § 1404(a) "[b]ecause a party may seek a § 1404(a) transfer of venue after filing its first responsive pleading"). Plaintiff simply cites no authority that precludes a party from seeking transfer pursuant to § 1404(a) after conducting some litigation in the transferor venue.[4]

In a related argument, Lomax maintains that Meracord is estopped from invoking the forum selection clause because it has already argued, albeit unsuccessfully, that this dispute should be resolved by arbitration in the State of Florida under the laws of the State of Florida

---

[3] Lomax notes that a majority of circuits treat motions to enforce forum selection clauses as motions for improper venue, subject to Rule 12(b)(3), and thus argues that applying the majority view, a failure to raise improper venue in Meracord's motion to compel arbitration waives that defense, pursuant to Rule12(h)(1). Meracord responds by arguing that improper venue based on a forum selection clause is considered in the Third Circuit to be governed by Rule 12(b)(6) and thus, in this jurisdiction, is not treated as a defense subject to waiver. See Salovaara v. Jackson Nat'l Life Ins. Co., 246 F.3d 289, 298-99 (3d Cir. 2001).

[4] Instead, Plaintiff cites a number of cases that deal with contractual arbitration provisions and hold that the right to demand arbitration pursuant thereto may be waived by litigating in court. See, e.g., Nino v. Jewelry Exchange, Inc., 609 F.3d 191, 209 (3d Cir. 2010) (holding that "prejudice is the touchstone for determining whether the right to arbitrate has been waived by litigation conduct."). Apart from providing no indication that the waiver analysis applicable to arbitration clauses would apply to forum selection clauses, Plaintiff does not make a showing that she would be prejudiced by a transfer to the Western District of Washington simply because the parties have engaged in some motion practice and have proceeded with discovery, as ordered by the Magistrate Judge.

(per the terms of the arbitration clause in Lomax's contract with the third party debt settlement company), not through the courts and not under the laws of the State of Washington. Plaintiff relies on the doctrine of judicial estoppel. "Judicial estoppel generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." Pegram v. Herdrich, 530 U.S. 211, 228 n. 8 (2000). The Third Circuit has held that it is an "extraordinary remedy" and may apply only if three requirements are met: "[F]irst, the party in question must have adopted irreconcilably inconsistent positions; second, the party must have adopted these positions in 'bad faith'; and third, there must be a showing that judicial estoppel is tailored to address the harm and that no lesser sanction would be sufficient." Chao v. Roy's Constr., Inc., 517 F.3d 180, 186 (3d Cir.2008). Without even reaching an examination of those requirements, this Court concludes that the doctrine is completely inapplicable because Meracord did not persuade the Court, on the earlier motion, that it could enforce a contractual arbitration clause despite being a non-signatory to the contract. The Third Circuit has held that "judicial estoppel is generally not appropriate where the defending party did not convince the District Court to accept its earlier position." G–I Holdings, Inc. v. Reliance Ins. Co., 586 F.3d 247, 262 (3d Cir. 2009). While Meracord made an argument for arbitration, it did not prevail on that argument. The Court denied Meracord's motion to compel arbitration, thus providing Lomax no basis for her argument that, under the principles of judicial estoppel, Meracord should be barred from invoking the forum selection clause based on its earlier effort to compel arbitration.

Of all the arguments opposing enforcement of the forum selection clause, the one that most closely approximates one of the narrow grounds for non-enforcement is that due to her health and age, Lomax will be deprived of her day in court if forced to litigate in a forum

8

thousands of miles from her New Jersey home. While it is sympathetic, the Court is not persuaded that Lomax's personal circumstances render the Western District of Washington a forum so seriously inconvenient as to be unreasonable. Lomax's physical presence in Washington State is not required to afford her a fair opportunity to litigate. "A plaintiff may have [her] 'day in court' without ever setting foot in a courtroom." Effron v. Sun Line Cruises, Inc., 67 F.3d 7, 11 (2d Cir. 1995) (reversing district court's decision not to enforce forum selection clause, reasoning that district court erred in concluding that the clause, which required an American plaintiff to litigate her claim in Greece, would deprive her of her day in court). In addition, the availability of technology that can eliminate or lessen any need for Plaintiff's travel to Washington further indicates that enforcement of the clause would not be so difficult as to be unreasonable or unjust. Indeed, Meracord states in its reply brief that it is willing to make necessary accommodations, such as deposing Lomax in New Jersey and having her participate in proceedings by teleconference or video conference.

In sum, Plaintiff has not made the strong showing required to establish a proper basis upon which to invalidate a forum selection clause. The forum selection clause in the Signup Agreement must, therefore, factor into this Court's consideration of whether the Western District of Washington would present a more convenient forum. The Court turns, then, to an analysis under § 1404(a), as informed by the relevant Jumara factors.

The private factors weigh in favor of transfer. As a manifestation of the parties' desire to litigate in Washington, the enforceable forum selection clause is a significant consideration. Though Lomax nevertheless chose to initiate her action in New Jersey, a plaintiff's choice of forum is not entitled to deference "where the plaintiff has already freely contractually chosen an appropriate venue." Jumara, 55 F.3d at 880. Defendant, of course, clearly prefers that the

litigation proceed in Washington. There is no indication, moreover, that proceeding in Washington would pose a serious inconvenience, such as to prevent Plaintiff from effectively participating in the litigation, as the Court discussed above. Nor has Plaintiff indicated that any witnesses will be unavailable for trial in the transferee forum. Finally, Meracord asserts that the relevant books and records, while available for production in either forum, are physically located in Tacoma, Washington.

Likewise, the public factor considerations support transfer. In particular, judicial efficiency will be served by transfer to the Western District of Washington, where a similar class action suit is pending against Meracord. That case, captioned Canada v. Meracord, et al., No. 12-cv-5657-BHS (the "Canada action"), consolidates two actions brought by residents of Illinois and Pennsylvania, which, incidentally, were filed before Lomax filed her suit in New Jersey state court. The Canada action asserts various claims, including federal RICO and Washington Consumer Protection Act claims, on behalf of a nationwide class based on Meracord's involvement in the debt settlement services for which plaintiffs signed up, ostensibly through independent debt settlement companies, an overall arrangement alleged to be a sham. While Lomax filed this action on behalf of a class of New Jersey residents, and asserts causes of action under New Jersey statutes, the related nature of the alleged misconduct by the same defendant involving almost identical factual circumstances to those presented in the national class action pending in Washington strongly suggest that transfer of this action will minimize duplicative discovery and save the courts and parties time and expense. Moreover, the Canada action demonstrates that the dispute arising out of Meracord's transactions in debt settlement arrangements is not a local controversy specific to New Jersey, such that a great interest in

litigating in this state would be presented. The Court observes that, in her opposition brief, Lomax does not contest any of Meracord's arguments regarding the weight of the factors.

Based on the forum selection clause and the <u>Jumara</u> factors, this Court concludes, in its discretion, that a transfer of this action to the Western District of Washington would promote the convenience of the parties and serve the interests of justice. Meracord has demonstrated that a transfer pursuant to 28 U.S.C. § 1404(a) is warranted.

### III. CONCLUSION

For the foregoing reasons, the Court will grant Meracord's motion to transfer venue. This action will be transferred, pursuant to § 1404(a), to the United States District Court for the Western District of Washington. An appropriate Order with be filed together with this Opinion.

        s/Stanley R. Chesler
        STANLEY R. CHESLER
        United States District Judge

Dated: October 16, 2013